IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADAM BUSH, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | )  CIVIL CASE NO. 2:23-cv-673-ECM |
| ALABAMA DEPARTMENT OF HUMAN RESOURCES, *et al.*, | )  [WO] ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On August 2, 2024, the Magistrate Judge entered a Recommendation in this case. (Doc. 45). To date, no objections to the Recommendation have been filed. Upon an independent review of the file and upon consideration of the Recommendation, the Court concludes the Recommendation is due to be adopted in part with modifications and rejected in part.

**II. BACKGROUND**

Plaintiffs Adam Bush ("Bush"); Delsea Creel ("Creel"); L.C., an infant minor, by and through her father and mother as her next best friend ("L.C."); and H.E., a minor, by and through his mother as his next best friend ("H.E.") (collectively, "Plaintiffs"), bring this action against Defendants Alabama Department of Human Resources ("Alabama DHR"), Nancy Buckner ("Buckner"), Dan Williams ("Williams"), Estella Derico ("Derico"), Supervisor Presley ("Presley"), the Health Care Authority for Baptist Health,

d/b/a Baptist Medical Center East ("Baptist"), an unknown nurse at Baptist Medical Center East ("Unknown Nurse"), and an unknown employee of Baptist Medical Center East ("Unknown Employee") (collectively, "Defendants") for violations of federal and state law surrounding the removal of L.C. from her parents' custody shortly after her birth.

Count I is brought against all Defendants pursuant to 42 U.S.C. § 1983 and alleges that Alabama DHR's policies and procedures are unconstitutional and that the Defendants violated the Plaintiffs' Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Count II alleges that Alabama DHR, Buckner, Williams, Derico, and Presley failed to follow Alabama DHR's policies and procedures in violation of Plaintiffs' Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Count III alleges wantonness and negligence against all Defendants. Count IV alleges intentional infliction of emotional distress against all Defendants. Count V alleges negligent supervision against Alabama DHR, Buckner, and Williams. Count VI alleges fraudulent misrepresentation against Alabama DHR, Williams, Derico, and Presley. Finally, Count VII alleges fraudulent misrepresentation against Baptist and Unknown Employee.

The Magistrate Judge recommends that Baptist's motion to dismiss (doc. 10) be granted, Williams' motion to dismiss (doc. 13) be granted, Alabama DHR's motion to dismiss (doc. 14) be granted, Derico's motion to dismiss (doc. 36) be granted in part and denied in part, and that all claims against Buckner, Presley, Unknown Nurse, and Unknown Employee be dismissed with prejudice.

### III.  DISCUSSION

The Court has carefully reviewed the Recommendation and the entire record. Although the Court disagrees with, and declines to adopt, some of the Recommendation's analysis, the Court ultimately concludes that the Recommendation is due to be adopted in part as modified herein and rejected in part.

**A.     Claims against Baptist**

The Magistrate Judge recommends that Baptist's motion to dismiss be granted and all claims against it be dismissed with prejudice. (Doc. 45 at 26–31).  Regarding the constitutional claims brought pursuant to § 1983, the Magistrate Judge found that "Plaintiffs have failed to allege that Baptist was a state actor or an agent of the state when the unknown nurse tested L.C.'s meconium or the unknown administrative employee failed to obtain appropriate paperwork regarding L.C.'s custody." (*Id.* at 27).  The Court does not disturb this finding but emphasizes, as the Magistrate Judge does later in her Recommendation (*id.* at 46–47), that even if Plaintiffs properly alleged that Baptist was a state actor or agent, the § 1983 claims against it are due to be dismissed because the Plaintiffs have not pled sufficient facts giving rise to supervisory liability.

**B.     Claims against Alabama DHR**

The Magistrate Judge recommends that Alabama DHR's motion to dismiss be granted and all claims against it be dismissed with prejudice because suit against Alabama DHR is barred by the Eleventh Amendment. (Doc. 45 at 23–26).  The Court does not disturb this finding but adds that any claims against Alabama DHR pursuant to state law

3

are also barred by Article I, § 14 of the Alabama Constitution, because Alabama DHR is a state agency and "[s]tate officers and employees, in their official capacities and individually, are [] absolutely immune from suit when the action is, in effect, one against the state." *Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989).

**C.     Claims against Derico**

The Magistrate Judge recommends that Derico's motion to dismiss be denied as to Bush and Creel's Fourteenth Amendment, outrage, and fraudulent misrepresentation claims, but granted on all remaining claims. (Doc. 45 at 31–43, 48).  As to the § 1983 claims, the Magistrate Judge found that Derico is not, at this stage, entitled to qualified immunity, and that the Fourteenth Amendment claims against her should proceed.  The Court agrees with that finding.

The Magistrate Judge also found that state agent immunity applies to the negligence and wantonness claims and, accordingly, recommended that those claims be dismissed. (Doc. 45 at 39–40).  The Magistrate Judge correctly acknowledges the second exception to state agent immunity under *Ex parte Cranman*:  "when the [s]tate agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." 792 So. 2d 392, 405 (Ala. 2000).  Relying on this as the sole exception to state agent immunity, the Magistrate Judge concludes that Plaintiffs' negligence and wantonness claims are due to be dismissed because, by definition, these claims allege conduct that was not willful, malicious, fraudulent, in bad faith, beyond Derico's authority, or under a mistaken interpretation of law.

The Magistrate Judge fails, however, to analyze these claims under *Cranman*'s first exception: "when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise." *Id.* This exception to state agent immunity largely tracks the qualified immunity analysis. *Cantu v. City of Dothan*, 974 F.3d 1217, 1236 (11th Cir. 2020). To that effect, "the same facts that establish an officer is not entitled to qualified immunity 'also establish that [she] is not entitled' to state agent immunity." *Id.* (quoting *Hunter v. Leeds*, 941 F.3d 1265, 1284 (11th Cir. 2019)). State officials are not entitled to state agent immunity if their conduct, as pleaded, plausibly violates the United States Constitution. *See, e.g.*, *Taylor v. Hughes*, 920 F.3d 729, 734–35 (11th Cir. 2019) (holding that the district court erred in granting summary judgment in favor of state officials based on state agent immunity because the state officials "potentially violated [the plaintiff's] constitutional rights by being deliberately indifferent to his serious medical needs"); *Foster v. Maloney*, 785 F. App'x 810, 818–19 (11th Cir. 2019) (per curiam) (concluding that state officials were not entitled to state-agent immunity at the motion to dismiss stage because, in light of the court's conclusion that the plaintiff plausibly alleged that the officials violated her federal constitutional rights, "it necessarily follows" that the plaintiff similarly alleged that the officials "were not 'acting in compliance with the law,' and [that] they 'violated federal or constitutional law'" (citing *Taylor*, 920 F.3d at 734–35)); *Huffman v. Dunn*, 2021 WL 2533024, at *8 (N.D. Ala. June 21, 2021) (citing *Taylor* and *Foster*, and concluding that state officials were not entitled to

5

state agent immunity at the motion to dismiss stage where the plaintiff plausibly alleged a violation of her Eighth Amendment rights). As explained in the Magistrate Judge's Recommendation (doc. 45 at 33–37), the Plaintiffs have plausibly alleged that Derico violated their Fourteenth Amendment rights under the United States Constitution. Thus, it necessarily follows that Derico cannot establish entitlement to state agent immunity at this stage. *See, e.g.*, *Foster*, 785 F. App'x at 818–19; *Huffman*, 2021 WL 2533024, at *8; *McCarley v. Dunn*, 2024 WL 993884, at *16 (N.D. Ala. Mar. 7, 2024) ("Because [the plaintiff] has sufficiently pleaded constitutional violations, it would be inappropriate for this Court to conclude at this stage that [the defendants] are entitled to state-agent immunity."). Since Derico is not entitled to state agent immunity on these claims, the Court now turns to whether the Plaintiffs pled sufficient facts to make out claims of negligence and wantonness.

"To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, that the plaintiff suffered a loss or injury, that the defendant's breach was an actual cause of the injury, and that the defendant's breach was a proximate cause of the injury." *Haddan v. Norfolk S. Ry. Co.*, 367 So. 3d 1067, 1072 (Ala. 2022). To prevail on a wantonness claim, a plaintiff must show that the defendant (1) consciously did some act or omitted some duty (2) while knowing of the existing conditions (3) and being conscious that, from doing or omitting an act, injury will likely or probably result. *Motley v. Express Services, Inc.*, 386 So. 3d 766 (Ala. 2023).

6

Derico does not offer any caselaw or analysis to support her assertion that the Plaintiffs failed to state a negligence or wantonness claim. Derico focuses her analysis and argument on the invocation of state-agent immunity; however, the Court determined that Derico, at this juncture, is not entitled to state-agent immunity. Accordingly, at the motion to dismiss stage, the Court finds that the Plaintiffs have plausibly alleged negligence and wantonness claims against Derico. The Magistrate Judge is wrong to recommend those claims be dismissed, and the Court, therefore, declines to adopt this portion of the Magistrate Judge's Recommendation.

## IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Recommendation of the Magistrate Judge (doc. 45) is ADOPTED in part as modified herein and REJECTED in part;

2. Baptist's motion to dismiss (doc. 10) is GRANTED as to all claims and Baptist is DISMISSED from this case;

3. Williams' motion to dismiss (doc. 13) is GRANTED as to all claims and Williams is DISMISSED from this case;

4. Alabama DHR's motion to dismiss (doc. 14) is GRANTED as to all claims and Alabama DHR is DISMISSED from this case;

5. Derico's motion to dismiss (doc. 36) is DENIED as to the Plaintiffs' Fourteenth Amendment, outrage, fraudulent misrepresentation, and negligence and wantonness claims but GRANTED as to all remaining claims.

6. All claims against Buckner, Presley, Unknown Nurse, and Unknown Employee are DISMISSED with prejudice.

7. This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 6th day of December, 2024.

           /s/ Emily C. Marks
          EMILY C. MARKS
          CHIEF UNITED STATES DISTRICT JUDGE