IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADAM BUSH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-673-ECM |
| | ) | [WO] |
| ESTELLA DERICO, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Now pending before the Court is Adam Bush and Delsea Creel's (the "Plaintiffs") May 26, 2026 *pro se* "renewed motion for protective order and motion to continue depositions." (Doc. 83).  The motion is almost identical to the Plaintiffs' May 12, 2026 "emergency motion to continue depositions, extend deadlines, and allow time to retain substitute counsel," (*see* doc. 81), which the Court denied without prejudice for failure to show good cause, (*see* doc. 82).  The major difference of the instant motion is that it now requests that the Court "find that [the] Plaintiffs have demonstrated good cause regarding their nonappearance at the previously scheduled depositions" and "grant a temporary protective order and continue [the] Plaintiffs' depositions for a reasonable period." (Doc. 83 at 2).

Regarding depositions, as the Court previously stated, "[t]he Court generally does not continue or reschedule deposition dates as those dates are determined by the parties." (Doc. 82 at 1 n.1).  And, once again, "the Plaintiffs have not identified any specific scheduled deposition date that needs to be continued." (*Id.*).  In addition, the discovery

deadline expired on May 20, 2026, (*see* docs. 76 & 77 (extending deadlines)), and no further depositions should occur without leave of the Court or a resetting of the discovery deadline. Accordingly, the motion is due to be denied as moot to the request for a protective order from—and the continuance of—depositions.

As to the request that the Court find good cause for the failure to attend previously scheduled depositions, the Plaintiffs provide no specific argument or information distinguishable from their previous motion that shows good cause. (*Compare* doc. 83, *with* doc. 81). Consequently, the Court's previous Order is worth repeating:

> This case was filed in November 2023. (Doc. 1). Since then, it has languished, apparently in part because of the uncooperativeness of the Plaintiffs. (*See generally* doc. 67). On April 2, 2026, counsel for the Plaintiffs filed a motion to withdraw, stating that the Plaintiffs had been unresponsive to Estella Derico's (the "Defendant") discovery requests as early as February 26, 2026. (*See id.*). On April 4, 2026, the Defendant moved to compel discovery and for an extension of the discovery and dispositive motions. deadlines to provide *the Plaintiffs* additional time to coordinate discovery. (*See* doc. 69). The Defendant also provided evidence that the Plaintiffs had been unresponsive to discovery requests propounded months prior. (*See* doc. 69-2). Then, on April 6, 2026, Magistrate Judge Kelly F. Pate set an in-person status conference and directed the Plaintiffs and their counsel to appear to discuss the pending motions. (*See* doc. 70). At the April 20, 2026 status conference, Judge Pate granted the motion to withdraw, ordered the Plaintiffs to respond to outstanding discovery [by] May 5, 2026, and extended the discovery deadline to May 20, 2026, and the dispositive motion deadline to June 17, 2026. (Doc. 76 at 1 (memorializing bench rulings)). She further ordered that the Plaintiffs take action to obtain new counsel and required the filing of any notice of appearance by May 6, 2026. (*Id.* at 2).
>
> On May 11, 2026, the Defendant filed a motion to dismiss, providing a thorough update on the case. (*See* doc. 79). On

2

> April 22, 2026, the parties had conferred about rescheduling the Plaintiffs' cancelled April 16, 2026 depositions for May 11, 2026; the Plaintiffs confirmed their availability on April 28, 2026. (*Id.* at 2–3, paras. 4, 10).
>
> When the Defendant requested an update on her discovery requests on May 7, 2026, in advance of the depositions scheduled for May 11, 2026, the Plaintiffs waited to respond until 3:35 a.m. on the day of the deposition, asking for more time. (*Id.* at 1–2, paras. 2–3). About thirty minutes before the deposition, the Plaintiffs again asked for more time and indicated that they would not have their depositions taken without counsel. (*Id.* at 2, para. 5).
>
> To date, the Plaintiffs have not completed outstanding discovery requests despite having several months to do so and an Order of the Court compelling them to. The Plaintiffs are responsible for complying with the Orders of the Court. They have not. . . .
>
> [T]he Plaintiffs have not acted with diligence and therefore fail to show good cause to further extend deadlines.

(Doc. 82 at 1–3).  So too here. *See Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1232 (11th Cir. 2008) (holding that "good cause" requires a showing that "the schedule cannot be met despite the diligence of the party seeking the extension"). Accordingly, the renewed motion is also due to be denied as to the Plaintiffs' request that the Court find good cause for their earlier tardiness in discovery.

Further, to the extent that the Plaintiffs seek the extension of any deadlines which have expired, they must satisfy the good cause standard under Federal Rule of Civil Procedure 16(b)(4) and the excusable neglect standard of Rule 6(b)(1)(B). *Payne v. C.R.*

*Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015)[1] (per curiam) ("A party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." (emphasis in original)). In evaluating excusable neglect, the Court "account[s for] all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). As with good cause, the Plaintiffs have likewise failed to show excusable neglect.

There is danger to the Defendant in reopening discovery where it has been delayed almost wholly on the part of the Plaintiffs, and where the actions of the Plaintiffs to date indicate they will not meaningfully participate, even with additional time. The factors which the Plaintiffs argue support additional time were completely within their control. Indeed, it was the Plaintiffs' failure to cooperate with discovery requests—which they do not justify in their motion—which led their second attorney to withdraw. (*See generally* doc. 67; doc. 79). The circumstances indicate that the Plaintiffs' request is not made in good faith, having already stymied discovery for months and ignoring an Order of the Court compelling discovery. Accordingly, the Court finds that the Plaintiffs have not shown excusable neglect.

---

[1] Here, the Court cites nonbinding authority. While the Court acknowledges this case is nonprecedential, the Court finds it persuasive.

And again, this Court "must take an active role in managing cases on [its] docket." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *see also Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) ("The [Court] must consider the equities not only to plaintiff and his counsel, but also to the opposing parties and counsel, as well as to the public, including those persons affected by the court's increasingly crowded docket."). Thus, the motion is due to be denied as to the extension of deadlines. Accordingly, it is

ORDERED that the Plaintiffs' motion for a protective order, a continuance of depositions, and the extension of deadlines (doc. 83) is DENIED without prejudice with leave to refile if the Plaintiffs can demonstrate good cause and excusable neglect.

DONE this 28th day of May, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE
