IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADAM BUSH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-CV-673-ECM-KFP |
| | ) | |
| ESTELLA DERICO, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendant Estella Derico's Motion to Dismiss (Doc. 79), Plaintiffs' response (Doc. 85-1), and Defendant's reply (Doc. 85). For the reasons stated below, the undersigned recommends the Motion to Dismiss (Doc. 79) be GRANTED.

## I.    PROCEDURAL HISTORY

Plaintiffs filed this case against Defendants Alabama Department of Human Resources (ADHR), Nancy Buckner, Dan Williams, Estella Derico, Supervisor Presley, and the Health Care Authority for Baptist Health (Baptist), Unknown Nurse, and Unknown Employee on November 17, 2023. Doc. 1. Baptist, Dan Williams, Estella Derico, and ADHR filed motions to dismiss (Docs. 10, 13, 14, 36).

The Court subsequently dismissed Baptist, Williams, and ADHR from the case on their motions, and also dismissed claims against Buckner, Presley, Unknown Nurse, and Unknown Employee. Doc. 46 at 7–8. The case proceeded against Derico.

Prior to mediation, Plaintiffs' counsel filed a Motion to Withdraw. Doc. 67. Defendant filed a Motion to Compel and Motion to Extend Deadlines and an Amended

Motion to Compel and Motion to Extend Deadlines (Docs. 68, 69). The undersigned set the motions for an in-person hearing on April 20, 2026. Doc. 70.

Plaintiffs appeared late for the hearing; indeed, they were so late Court was adjourned, but Court resumed to allow Plaintiffs to participate in the hearing. Plaintiffs' Motion to Withdraw was granted, Defendant's Motion to Compel and Motion to Extend Deadlines was denied as moot, and Defendant's Amended Motion was granted. Doc. 76. Plaintiffs were ordered to respond to all outstanding discovery by May 5, 2026. *Id.* at 1. The discovery, mediation, and dispositive motion deadlines were all extended 30 days. *Id.*

On May 11, 2026, Defendant filed the motion to dismiss. Doc. 79. Plaintiffs then filed an "Emergency Motion to Continue Depositions, Extend Deadlines, and Allow Time to Retain Substitute Counsel," which the Court denied for lack of good cause. Docs. 81, 82. Afterward, Plaintiffs filed a Renewed Motion for Protective Order and Motion to Continue Depositions which the Court also denied. Docs. 83, 84.

Finally, after Plaintiffs filed no response to the motion to dismiss, Defendant filed a reply which included Plaintiffs' response[1] as an attachment to the motion. Doc. 85.

## II.    DISCUSSION

Defendant moves to dismiss Plaintiffs' claims pursuant to Rule 37(b)(2)(A)(v). Doc. 79. Defendant argues that dismissal with prejudice is due to be granted as Plaintiffs have failed to complete discovery as ordered and appear for their depositions. Doc. 79. Plaintiffs' response is a copy of their Renewed Motion for Protective Order and Motion to

---

[1] The embedded response (Doc. 85-1) is the same document as the earlier-denied Renewed Motion for Protective Order and Motion to Continue Depositions (Doc. 83).

Continue Depositions, in which Plaintiffs seek more time to complete discovery "until [they] are able to retain substitute counsel." Doc. 85-1 at 2. In the response, Plaintiffs state that their "prior counsel withdrew from representation shortly before the noticed deposition" and they "are actively attempting to retain substitute counsel to represent them" and "believe[] proceeding without legal representation would substantially prejudice their rights and ability to properly respond." *Id.* To this end, Plaintiffs ask the Court "[f]ind that Plaintiffs have demonstrated good cause regarding their nonappearance at the previously scheduled depositions." *Id.* at 3.

"Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Gratton v. Great Am. Commc'ns.*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam) (citing Fed. R. Civ. P. 41(b)). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Id.* "The district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction." *Id.* (citing Fed. R. Civ. P. 37(b)(2)(C)). Under Rule 37(b)(2)(A)(v), the Court has the discretion to "dismiss[] the action or proceeding in whole or in part" for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). "[T]he sanction of dismissal is a most extreme remedy and one not to be imposed if lesser sanctions will do." *Hashemi v. Campaigner Publ'ns, Inc.*, 737 F.2d 1538, 1538–39 (11th Cir. 1984) (per curiam). However, "the district court retains the discretion to dismiss a complaint where the party's conduct amounts to 'flagrant disregard and willful disobedience' of the court's discovery orders." *Id.* at 1539 (citing *Phillips Insurance Co.*

*of N. Am.*, 633 F.2d 1165, 1167 (5th Cir. 1981)).[2]

"Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020) (per curiam) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). But "pro se litigants who ignore discovery orders are subject to sanctions like any other litigant." *Id.* (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the record establishes Plaintiffs were given notice of Defendant's discovery request for interrogatories and production of documents while they were represented by their former counsel as early as November 17, 2025. Doc. 69 at 1 (citing Doc. 69-1). The record further shows Defendant's repeated attempts to obtain this discovery on January 5, 2026, February 13, 2026, February 20, 2026, February 26, 2026, March 5, 2026, and March 20, 2026. Doc. 69 at 1 (citing Doc. 69-2). Following the Court's motion hearing on April 20, 2026, the Court entered an Order requiring Plaintiffs to "respond to all outstanding discovery by May 5, 2026." Doc. 76 at 1. The Order reflects "Plaintiffs' former counsel, Lee Ann Rankin" was to "provide a copy of [the] Order to Plaintiffs" and the docket shows that Plaintiffs also have updated contact information for pro se noticing. Doc. 76.

Defendant argues in the motion that when Plaintiffs failed to complete the interrogatories by May 5, 2026, Defendant emailed the Plaintiffs for an update on May 7,

---

[2] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

2026. Doc. 79 (citing Doc. 79-1). The attachments to the motion show that Plaintiffs did not respond until 3:35 a.m. on May 11, which was the date the depositions were scheduled. Doc. 79-1 at 2. In the email, Plaintiffs request for more time and state, "[W]e are not even sure what to do in the morning with the depositions since we don't have the interrogatories turned over to you yet." Doc. 79-1 at 2. Following this email, later in the morning, Defendant reports that Plaintiffs sent a nearly identical email at 8:28 a.m. and also called and left a message wanting to reschedule the depositions. Doc. 79 at 2; Doc. 79-1 at 8. In any event, in their response, Plaintiffs do not dispute that they failed to appear for the depositions or complete the outstanding interrogatories.

Plaintiffs ask the Court to find they have demonstrated good cause for their nonappearance, however, the record belies such a finding. Rule 37 allows for dismissal "when a party's failure to comply was willful, intentional, or 'in flagrant bad faith.'" *Haji*, 834 F. App'x at 563 (quoting *Nat'l Hockey League v. Metro. Hockey Club., Inc.*, 427 U.S. 639, 641 (1976)). Here, the record shows after being ordered by the Court to "respond to all outstanding discovery," (Doc. 76), Plaintiffs failed to complete the outstanding discovery requests and waited until the morning the depositions were scheduled, days after the deadline for the written discovery completion, to email opposing counsel about their qualms concerning the scheduled depositions. It is uncontested that Plaintiffs then failed to attend their depositions.

Plaintiffs' "response" (not filed but sent to defense counsel) asks the Court to infer good cause from these actions; they claim none of these actions were taken "in bad faith or with intent to delay" and that the "circumstances surrounding the withdrawal . . .

constitute good cause for temporary relief and a brief continuance." Doc. 85-1 at 2. A Court can "issue a protective order upon a finding of good cause," *Stansell v. Revolutionary Armed Forces of Colombia*, 120 F.4th 754, 766 (11th Cir. 2024) (quoting *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1249 (11th Cir. 2020)), however, "[t]he party seeking such an order bears the burden of establishing that good cause exists." *Id.* To establish good cause, a plaintiff generally "requires a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* Plaintiffs ask the Court to infer that their actions were not taken "in bad faith or with intent to delay" and that the Court should accept their attorney's withdrawal as a basis for the protective order. Doc. 85-1 at 2. The Court has already ruled on Plaintiffs' request for a protective order based on this same argument when addressing their nonappearance at the previously scheduled depositions. Doc. 84 at 1. In its Order, the Court found that "the Plaintiffs' have not completed outstanding discovery requests despite having several months to do so and an Order of the Court compelling them to" and "have not acted with diligence and therefore fail to show good cause to further extend deadlines." Doc. 84 at 3 (citing Doc. 82 at 1–3). The Court further found "[t]he circumstances indicate that the Plaintiffs' request is not made in good faith, having already stymied for months and ignoring an Order of the Court compelling discovery." *Id.* at 4. There, the Court reminded Plaintiffs that their motion for a protective order would be denied without the demonstration of good cause and excusable neglect. *Id.* at 3, 5. The Court found that Plaintiffs did not show excusable neglect. *Id.* at 4.

Plaintiff's "response" is identical to the motion (Doc. 83) at issue in the Court's

prior Order (Doc. 84), and Plaintiffs make no attempt to present any further argument concerning their failure to comply with the Court's discovery order. The record thus shows Plaintiffs' actions demonstrate a "clear record of delay or willful contempt." *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Plaintiffs were cautioned about the "danger to the Defendant in reopening discovery where it has been delayed almost wholly on the part of the Plaintiffs." Doc. 84 at 4. Despite this warning, Plaintiffs' response does nothing to show what lesser sanctions beyond dismissal would suffice in these circumstances where the Court's discovery order has gone unheeded. *See Mingo*, 864 F.2d at 102; *Haji*, 834 F. App'x at 563 ("If a party fails to comply with a district court's discovery order, the district court may impose sanctions, including 'dismissing the action . . . in whole or in part.'" (quoting Fed. R. Civ. P. 37(b)(2)(A)(v))).

Thus, because no lesser sanctions are available to remedy Plaintiffs' willful delay and noncompliance, based on Plaintiffs' failure to obey court orders and prosecute this case, the undersigned concludes this case should be dismissed with prejudice. *Moon*, 863 F.2d at 837 (stating that dismissal for failure to obey a court order where litigant has been forewarned is generally not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo*, 864 F.2d at 102 ("The district

7

court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

## III.   CONCLUSION

For the reasons articulated above, the undersigned RECOMMENDS this case be DISMISSED with prejudice. It is further

ORDERED that on or before **June 23, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11TH CIR. R. 3-1.

DONE this 9th day of June, 2026.

_____
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

8